IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


DOUGLAS H. LOWERY, JR.,
          Plaintiff,

vs.                                     Case No. 3:09cv514/RV/EMT

STATE OF FLORIDA,
          Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Now before the court is Plaintiff's third amended complaint (Doc. 29). Leave to proceed in forma pauperis has been granted (Doc. 8).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). Such acceptance should not be given blindly, however; only well-pleaded factual allegations are taken as

true and only reasonable inferences are drawn in favor of the plaintiff. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the amended complaint, the court concludes that dismissal of this action is warranted.

Plaintiff, a pretrial detainee, is housed at the Santa Rosa County Jail. The allegations of the third amended complaint are sparse and difficult to follow. As presented, however, the facts underlying Plaintiff's claims are these: Plaintiff has been charged with unlawful possession of a weapon, burglary, larceny, and dealing in stolen property; additionally, he has yet to be "served for [ ] contempt of court. All charges [ ] caused my violation of probation" (Doc. 29 at 6). According to Defendant, as of the date of the filing of his third amended complaint, "these charges have been dropped by defendant. Since charges have been dropped I am no longer in violation of probation . . . . I go to court o[n] Feb. 23, 2011, on these charges and will update you" (*id.*). Asserting that he has been denied a speedy trial and suffered a prolonged pretrial detention in violation of the Fifth

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

and Sixth Amendments, Plaintiff seeks as relief the dismissal of all charges related to his incarceration, immediate release from custody, and monetary damages of $1,000,000.00.[2]

Although Plaintiff's allegations lack clarity, and despite his suggestion that at least some of the charges against him have been "dropped," the third amended adequately conveys the fact that Plaintiff remains incarcerated pending disposition of state criminal charges.[3]  The principles announced in <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), dictate that Plaintiff's § 1983 claims for injunctive or declaratory relief (i.e., for dismissal of any pending charges and for release) be dismissed.  *See* <u>Hicks v. Miranda</u>, 422 U.S. 332, 348–50, 95 S. Ct. 2281, 2291–92, 45 L. Ed. 2d 223 (1975).   In <u>Younger</u>, the Supreme Court held that concerns of equity, comity, and federalism require that federal courts abstain from interfering with state court criminal proceedings absent "extraordinary circumstances." <u>Younger</u> abstention is required when: (1) a state proceeding is pending; (2) the state proceeding involves important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional issues. <u>Middlesex Co. Ethics Comm'n v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982).  Plaintiff does not assert, nor do the allegations of the third amended complaint suggest, that the <u>Younger</u> requirements are not satisfied in this case, including with respect to Plaintiff's being afforded an adequate opportunity to raise constitutional issues in the pending state proceedings.  Accordingly, this court should abstain from interfering in Plaintiff's ongoing criminal proceedings in state court by providing injunctive or declaratory relief.

---

[2] Plaintiff also complains that Defendant has violated the Criminal Justice Act.  The Criminal Justice Act, 18 U.S.C.A. § 3006A, is a statute whose purpose is to ensure that defendants in federal criminal prosecutions who are financially unable to afford trial services necessary to an adequate defense are provided with them.  This statute has no apparent application to the instant case.

[3] Although the court does not consider the allegations of Plaintiff's prior complaints, as they have been superceded by the third amended complaint, *see* N.D. Fla. Loc. R. 15.1, it notes the following for purposes of providing a fuller factual backdrop to Plaintiff's claims.  According to the allegations of Plaintiff's initial complaint, he has been incarcerated at the Santa Rosa County Jail since March 2009, following a complaint made by his grandfather (Doc. 1 at 1).  After Plaintiff's grandfather "dismissed" his complaint (*id.*), federal authorities apparently contemplated bringing charges against Plaintiff but have not done so to date (*see id.* at 1; *see also* att. to Doc. 1, at 4; Doc. 29 at 6).  Plaintiff alleges in his instant complaint that after federal authorities "dropped" the charges against him, the State of Florida then "picked" them up (Doc. 29 at 6).

With respect to Plaintiff's demand for $1,000,000.00, the court notes that the Eleventh Circuit has indicated its approval of applying the <u>Younger</u> doctrine to § 1983 actions for money damages.  *See* <u>Doby v. Strength</u>, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam) (reversing dismissal of § 1983 action, but ordering district court to abstain from resolving merits of petitioner's claim until conviction reviewed by state court of appeals); <u>Scheuerman v. City of Huntsville</u>, 373 F. Supp. 2d 1251, 1255 (N.D. Ala. 2005).  The Supreme Court has instructed, however, that although it has held "that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions." <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 721, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996).  Thus while claims for injunctive relief properly may be dismissed based on <u>Younger</u>, damages claims in analogous circumstances should be stayed, not dismissed.  *See* <u>Prather v. Norman</u>, 901 F.2d 915, 919 (11th Cir. 1990) (citing <u>Deakins v. Monaghan</u>, 484 U.S. 193, 202, 108 S. Ct. 523, 529, 98 L. Ed. 2d 529 (1988)).  A stay in the instant case, however, is not warranted because Plaintiff's damages claim against the State of Florida—the sole Defendant in this case—is properly dismissed based on Eleventh Amendment sovereign immunity.  The Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies.  *See* <u>Edelman v. Jordan</u>, 415 U.S. 651, 662–63, 94 S. Ct. 1347, 1355–56, 39 L. Ed. 2d 662 (1974).

Plaintiff's claims should also be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), which applies both to actions for monetary damages and for injunctive relief.  <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005).  A civil rights action under § 1983 that necessarily calls into question the validity of a conviction, sentence, or confinement cannot be brought until the plaintiff can demonstrate that the conviction or sentence had been reversed, expunged, or otherwise declared invalid.  *Id.* at 487.  This has been referred to as the "favorable termination" requirement.  *See* <u>Uboh v. Reno</u>, 141 F.3d 1000, 1004–06 (11th Cir. 1998).  The <u>Heck</u> bar is appropriately applied when outstanding criminal charges remain pending.  *See* <u>Wiley v. City of Chicago</u>, 361 F.3d 994, 996 (7th Cir. 2004); <u>Gonzalez v. Entress</u>, 133 F.3d 551, 553 (7th Cir. 1998).  In other words, where charges are outstanding against a plaintiff and his constitutional claims would necessarily imply the invalidity of a potential conviction, the action is barred under <u>Heck</u>.  *See* <u>Washington v. Summerville</u>, 127 F.3d 552, 556 (7th Cir. 1997).  In the

instant case, Plaintiff's challenges to his alleged unconstitutional detention are essentially challenges to his pending state charges. Plaintiff cannot establish the favorable termination requirement because it is evident that his criminal charges have not yet been resolved. As Plaintiff's confinement has not been remedied by any of the procedures listed in <u>Heck</u>, his claims are not presently cognizable under § 1983. Rather than an action under § 1983, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the proper means of challenging a pending state criminal proceeding. *See* <u>Hudson v. Hubbard</u>, 358 Fed. App'x 116, 119 (11th Cir. 2009), citing <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1062 (11th Cir. 2003).[4]

Based upon the foregoing, the undersigned concludes that this action should be dismissed for the failure to state a claim for relief and for seeking monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).[5]

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED** for the failure to state a claim for relief and for seeking monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

At Pensacola, Florida, this <u>23</u><sup>rd</sup> day of February 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4]   Once a conviction is final, and all avenues of state relief have been exhausted, a petition pursuant to 28 U.S.C. § 2254 is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488–490, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

[5]   Regardless of the outcome of the proceedings in state court that Plaintiff alleges are scheduled for February 23, 2011, the instant matter should be dismissed. This case has been pending since November 2009, and despite having had several opportunities to amend his allegations, Plaintiff remains unable to state a viable claim for relief. If in the future Plaintiff's circumstances change such that the doctrines of <u>Younger</u> and/or <u>Heck</u> no longer apply, he will be free to file a new action against an appropriately named Defendant.

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).